### 9528.   BLOODWORTH *v.* THE STATE.

1. An instruction by the court, that "peach brandy, under the law, is an intoxicating liquor," was complained of as not authorized by evidence. There was no merit in this ground of the motion for a new trial.

2. The State having introduced direct evidence—that is, a confession—as well as circumstantial evidence of the defendant's guilt, the court did not err, in the absence of a timely written request, in failing to charge the jury the law of circumstantial evidence as embodied in the Penal Code, § 1010; *Horton* v. *State*, 21 *Ga. App.* 120 (93 S. E. 1012, 1013), and cases therein cited.

3. The alleged newly discovered evidence was cumulative of that introduced by the defendant on the trial, and therefore affords no reason for the grant of a new trial.

4. The evidence was sufficient to authorize the conviction of the defendant, the verdict was approved by the trial judge, no error of law appears, and this court will not interfere. Compare *Justice* v. *State*, 7 *Ga. App.* 43 (65 S. E. 1070); *White* v. *State*, 18 *Ga. App.* 214 (89 S. E. 175).

DECIDED APRIL 2, 1918.

Indictment for manufacturing intoxicating liquor; from Pike superior court—Judge Searcy. January 16, 1918.

*H. O. Farr, H. A. Rider,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

HARWELL, J. The defendant was indicted for manufacturing intoxicating liquors. The evidence for the State showed that in an out-house in the yard where defendant lived was found some peach "mobby" and a box with a pipe running through it, a lard can that had been recently used, and a trough in connection with the pipe. The pipe was covered with sand, which was wet, as if he had poured water on it. The peach "mobby" was hot, as if it had just been taken from the fire. The chief of police testified that he would call the outfit a liquor apparatus. The testimony further showed that the pipe had the smell of liquor about it. The officers who made the arrest testified that the peaches were canned peaches, and that they found at or near the place 150 empty peach cans. It was further testified that the defendant said: "He was not selling whisky but was making it for his own use. We were discussing the outfit I found the night before. Something was said about making liquor at his house. Lee said he was making a little for his own use, just to drink." The defendant denied that he was making liquor, and said that the peaches were some sour canned peaches which had been given to him, and that he was heating them for the purpose of slopping his hogs.

The headnotes do not require elaboration.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*